Eastern District of Kentucky
**FILED**

JAN 10 2020

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:20-005-DCR

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V.   PLEA AGREEMENT | |
| ARTHUR EUGENE BUTLER | DEFENDANT |

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1 and 2 of the Information, charging violations of 18 U.S.C. § 2252(a)(1), Transporting a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, and 18 U.S.C. § 2252(a)(4)(b), Possession of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct.

2. (I) The essential elements of Count 1, Transporting a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, are:

   (a) The Defendant knowingly transported a visual depiction;

   (b) The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

   (c) The visual depiction was of a minor engaging in sexually explicit conduct;

   (d) The Defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct;

(e) The Defendant transported the visual depiction using any means or facility of interstate or foreign commerce or using any means in or affecting interstate or foreign commerce, including by computer or mails.

(II) The essential elements of Count 2, Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, are:

(a) The Defendant knowingly possessed one or more items, that is a cellular phone, containing a visual depiction.

(b) The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct.

(c) The visual depiction was of a minor engaging in sexually explicit conduct.

(d) The Defendant knew the visual depiction involved a minor engaging in sexually explicit conduct.

(e) The visual depictions had been transported using any means or facility of interstate commerce or in or affecting interstate commerce or were produced using material that had been mailed, shipped or transported in interstate or foreign commerce by any means including computer.

3. As to Counts 1 and 2, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) The Defendant, Arthur Eugene Butler, pleaded guilty to violating 18 U.S.C. § 2252(a)(2), Receiving Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, in United States District Court in 2010. After service of his five-year imprisonment sentence, the Defendant was serving a period of five years of supervised release.

(b) Prior to the completion Butler's term of supervised release, law enforcement received information in April 2019 that an individual was transporting sexually explicit images of children to his Google photos infrastructure, which is an online storage facility for images. The email used to open the Google account containing the sexually explicit images of children was traced back to Arthur Eugene Butler.

(c) The KY Attorney General's Office and the United States Probation Office performed a search of Butler's home on August 13, 2019. A Google Pixel phone was found hidden in the couch of the Butler's residence. A search of the phone contained hundreds of images and videos of children engaged in various forms of sexually explicit conduct, including the rape of prepubescent children. The images were sent to the National Center for Missing and Exploited Children and over 600 images and 17 videos were found to be images of previously identified minors.

(d) Butler admits that he knowingly transported sexually explicit images of minors engaged in various forms of sexually explicit conduct in interstate commerce, that is, from his home in Garrard County, Kentucky to Google servers, located outside the state of Kentucky. Moreover, Butler admits that on August 13, 2019, he knowingly possessed additional images and videos of minors engaged in sexually explicit conduct and that the images were contained on his Google Pixel phone, which was manufactured outside the state of Kentucky and which had previously been transported in interstate commerce. Butler admits that he knew the images he transported and possessed contained images of minors engaged in sexually explicit conduct and that his conduct happened on or around the dates alleged in the Information and in the Eastern District of Kentucky.

4. Because the Defendant has a prior qualifying conviction for violating 18 U.S.C. § 2252(a)(2), the statutory punishment for Count 1 is imprisonment for not less than 15 years and not more than 40 years, a $250,000 fine, and not less than 5 years nor more than lifetime supervised release, forfeiture of proceeds and restitution. Because the Defendant has a prior qualifying conviction for violating 18 U.S.C. § 2252(a)(2), the statutory punishment for Count 2 is imprisonment for not less than 10 years and not more than 20 years, a $250,000 fine, and not less than 5 years nor more than lifetime supervised release, forfeiture of proceeds and restitution. A mandatory special assessment of $200 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies,

pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty), committed after May 29, 2015 through September 30, 2021. The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 2018 manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 2G2.2(a)(2), the base offense level is 22.

    (c) Pursuant to U.S.S.G. § 2G2.2(b)(2), increase the offense level by 2 because the offense involves a prepubescent minor or a minor who had not attained the age of 12

    (d) Pursuant to U.S.S.G. § 2G2.2(b)(4), increase the offense by 4 levels because the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler.

    (e) Pursuant to U.S.S.G. § 2G2.2(b)(6), increase the offense by 2 levels because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.

    (f) Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), increase the offense by 5 levels because the offense involved 600 or more images

    (g) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense

4

level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(h) Pursuant to U.S.S.G. § 5E1.1, restitution is mandatory and will be determined at the time of sentencing.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant also will not seek a sentence below the advisory sentencing guidelines range as determined by the Court at sentencing.

8. The Defendant waives the right to appeal the guilty plea, conviction, and any sentence equal to or less than 188 months (the high end of his anticipated sentencing guideline range). The Defendant retains the right to appeal any sentence greater than 188 months of imprisonment. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant

will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

10. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Information and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because the United States can prove by a preponderance of the evidence that a nexus exists between the property and criminal conduct.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse,

nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The

Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 1-10/20    By: *[signature]*
Erin M. Roth
Assistant United States Attorney

Date: 1/10/20

Arthur Eugene Butler
Defendant

Date: 1/10/20

Mary Ann Miranda
Attorney for Defendant

9