UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 5:20-CR-00005-1-DCR |
| ) | |
| ARTHUR EUGENE BUTLER, ) | |
| ) | |
| Defendant. ) | |

SENTENCING MEMORANDUM

Comes the defendant, Arthur Eugene Butler, by counsel and respectfully submits the following as his sentencing memorandum. This memorandum is submitted pursuant to 18 U.S.C. § 3553(a), which directs the Court to consider the history and characteristics of the defendant and the nature and circumstances of the offense in order to fashion a sentence that is sufficient but not greater than necessary to comply with the goals set forth in the statute.

Mr. Butler is disappointed and frustrated with his own behavior and the choices that led to this moment. He desires to be anything but a statistic but finds himself a recidivist by his own decisions. Through the course of this prosecution, Mr. Butler has grown more reflective and seeks to remedy any previous blindness to the damage caused by the re-victimization of the children that were traumatized, first, in the creation of the images made by others but which he downloaded and stored, creating more harm by hoarding these images. He also recognizes that, while he has never and never intends to have sexual contact with a child, the Court is aware of statistical information

that speaks to the percentage of non-contact, child-pornography-related sex offenders who have or who do engage in that behavior. He acknowledges that in addition to the damage caused by the creation and the constant recirculation of these images of sex crimes against children, the community is and must be concerned about the real risk of further non-contact-based and contact-based crimes against children.

For all of this, Mr. Butler has a track record as a long-term employee while on supervised release for his prior conviction and has a maintained a strong relationship with his mother, notwithstanding the strain that his offenses and his prior conviction have placed on that relationship.

To this end, Mr. Butler asks that the Court make a recommendation that the Bureau of Prisons designate him in a facility as close as possible to the home of his mother in central Kentucky but asks, as well, that the Court balance its recommendation so that he is able to participate in any sex offender treatment for which he is eligible. Specifically, he notes that there are 12 to 18 month residential sex offender treatment programs that provide a therapeutic community with the Bureau of Prisons System in which participants work to reduce the risk of future offending. This in depth, five-day-a-week treatment targets offenders with an elevated risk of reoffending. He was previously incarcerated at FCI Elkton, where this program is available, and is familiar with the day-to-day life at that facility.

Additionally, he asks for a recommended designation where he can engage in any additional non-residential sex offender treatment program that may be available to him while he is not engaged in a residential sex offender treatment program.

Finally, he requests that the Court make a recommendation for designation at a facility that provides voluntary treatment from the institution's Psychology Services Department. Counsel

understands that this is available across the Bureau of Prison's institutions but asks that, if the Court has any experience with facilities with a strong track record of providing these services, that it consider that in making its recommendation for designation.

Mr. Butler is ready and willing to participate whole-heartedly in the available treatment not only with respect to his own situation but also to advance the services and treatment available for all sex offenders in hopes that ever-more effective and appropriate treatments can be developed and used to offer hope to everyone affected by these crimes—the community-at-large, victims, and offenders alike.

The nonbinding Sentencing Guidelines, when coupled with the statutory minimum term of imprisonment for Count One (which are greater than those for Count Two), in Mr. Butler's case yield a range of 180 to 188 months. Therefore, this range already accounts for the statutory minimum term of imprisonment under 18 U.S.C. § 2252(b)(1), which applies because Mr. Butler has a prior qualifying conviction under 18 U.S.C. § 2252(a)(2). Mr. Butler respectfully submits that a sentence in this range would be, particularly in light of the statutory minimum that greatly increases the bottom end of the range to account for his recidivism, sufficient but not greater than necessary under 18 U.S.C. § 3553 to accomplish the goals of sentencing.

Based on the foregoing, the undersigned respectfully requests that this Court enter a sentence within the Guidelines range of 180 to 188 months with a recommendation for designation at a facility with the programming described above.  Counsel further requests that any term of imprisonment imposed upon revocation of supervised release in 5:10-cr-00060-DCR-1 run concurrent to the sentence imposed in this matter.

This the 23rd day of May, 2020.

        Respectfully submitted

        __/s/Mary Ann Miranda_____
        Mary Ann Miranda
        Ky. Bar No. 89921
        Law Office of Mary Ann Miranda LLC
        201 W. Short St., Ste. 601
        Lexington, KY 40507
        (859) 559-0688
        mmiranda@maryannmiranda.com

        *Counsel for Defendant Arthur Eugene Butler*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Kentucky by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

        __/s/Mary Ann Miranda_____