UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 20-005-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ARTHUR EUGENE BUTLER, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is pending for consideration of Defendant Arthur Butler's recently filed "Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582 (c) (1) (A); the First Step Act of 2018; Compassionate Release; and the 2023 Guidelines Amendment 821." [Record No. 25] The motion will be denied for the reasons explained below.

## I. Relevant Facts

In 2010, Butler pleaded guilty to receiving visual depictions of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). He was sentence to incarceration for five years, followed by five years of supervised release. [*See* United States District Court, E. D. of Ky., Central Division at Lexington, Criminal Action No. 5: 10-60, *styled U.S. v. Authur Butler*, Record No. 20 therein.] Butler's criminal conduct did not end upon his release from imprisonment, however. As outlined paragraph 3(b) of the Plea Agreement filed in this case:

> Prior to the completion [of] Butler's term of supervised release, law enforcement received information in April 2019 that an individual was transporting sexually explicit images of children to his Google photos infrastructure, which is an online storage facility for images. The email used to

- 1 -

open the Google account containing sexually explicit images of children was traced back to Arthur Eugene Butler.

[Criminal Action No. 5: 10-60 at Record No. 8]

On January 10, 2020, Butler entered a guilty plea to two counts of an Information charging him with transporting a visual image of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1) and possessing a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).  [*Id.* at Record No. 6] Based on Butler's earlier similar conviction from 2010, he faced a mandatory minimum sentence of fifteen years for Count 1 and a mandatory minimum sentence of ten years for Count 2.

Butler was sentenced on September 28, 2020.  [Record No. 20] Under the United States Sentencing Commission's 2018 Guidelines Manual, Butler had a Total Offense Level of 32. Further, he was placed in Criminal History Category III[1] based upon a total of six criminal history points.  Of the six criminal history points assessed: (i) three points were assigned for Butler's earlier 2010 conviction from this Court; (ii) one point was assigned for a state court conviction from 2009 for operating a vehicle under the influence of alcohol or drugs; and (iii) two points were assigned because Butler committed the instant offenses while under federal supervised release pursuant to United States Sentencing Guidelines §4A1.1(d).

Based on the above information and calculations, paragraphs 56 and 57 of Butler's Presentence Investigation Report provided the following regarding incarceration for the admitted offenses:

---

[1]     Criminal History Category III includes defendants assigned four, five or six criminal history points.

56.     **Statutory Provisions:**  Count One:  The minimum term of imprisonment is 15 years and the maximum term is 40 years.  18 U.S.C. § 2252(b)(1).  Count Two:  The minimum term of imprisonment is 10 years and the maximum term is 20 years.  18 U.S.C. § 2252(b)(2).

57.     **Guideline Provisions:**  Based upon a total offense level of 32 and a criminal history category of III, the guideline imprisonment range is 151 to 188 months; however, as the statutory minimum term of imprisonment on Count One is 180 months, the guideline range for Counts One and Two is 180 months to 188 months, pursuant to USSG § 5G1.2(b).

After considering the guidelines range and relevant factors of 18 U.S.C. § 3553(a), the undersigned determined that the mandatory minimum sentence of 180 months was insufficient punishment for Butler's crimes.  Instead, the Court imposed a term of incarceration of 188 months to be followed by a twenty-year term of supervised release.  [Record No. 21] While the Court considered all relevant sentencing factors and information, the undersigned concluded that the 188-month term was necessary to reflect the nature, circumstances, and seriousness of the offense as well as the history and characteristics of the defendant.  This analysis included potential recidivism, the defendant's remorse for his actions, the need for rehabilitation, and the need for the sentence to provide adequate general and specific deterrence.  In short, the undersigned determined that a lesser term of incarceration or supervision would be insufficient to meet these goals.

## II.  Analysis

### A.  The Defendant is not entitled to relief under Amendment 821.

Effective November 1, 2024, the United States Sentencing Commission amended parts of Chapter Four of the United States Sentencing Guidelines to reduce the guidelines range for incarceration for individuals who commit their respective offense(s) while subject to a criminal justice sentence (including probation, parole, supervised release, imprisonment, work release,

or escape status) and for defendant who are not assigned any criminal history points at the time of sentencing.  Regarding the first group of offenders affected by this amendment, U.S.S.G. § 4A1.1(e) now provides that, in calculating criminal history points, "[a]dd **1** point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence . . ."  No status points are assessed for defendants with six or fewer points.

Butler contends that he is eligible for relief under the above amendment because he received two criminal history points at sentencing and because he committed instant offenses while under federal supervision thus "moving the defendant from Criminal History Category II to III.  But his conclusion is wrong on its face.

If the two status points assessed at sentencing are removed from Butler's criminal history point total, he would remain in Criminal History Category III.  As noted in footnote 1, this criminal history category includes defendants with four, five or six points.  And as provided in U.S.S.G. § 1B1.10 (a) (2), a reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment (including Amendment 821) does not have the effect of lowering the defendant's applicable guidelines range.  In this case, Butler's guideline range is unaffected, and he is not entitled to relief under Amendment 821.

**B.  The defendant is not entitled to compassionate release or a reduced sentence.**

Likewise, Butler is not entitled to compassionate release or a reduction of the sentence originally imposed.  Generally, a district court may not modify a defendant's term of imprisonment after it has been imposed.  18 U.S.C. § 3582(c); *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008).  But there is an exception to this general rule for compassionate release, which allows a district court to reduce a defendant's sentence if it finds

that extraordinary and compelling reasons warrant a sentence reduction, that the relevant sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor reducing the sentence, and that such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

Starting with the last factor, section 1B1.13 of the United States Sentencing Guidelines provides a list of circumstances that may constitute extraordinary and compelling reasons for purposes of compassionate release. *See* U.S.S.G. § 1B1.13, Amend. 814 (Nov. 1, 2023). Section 1B1.13 recognizes that a serious physical or mental condition or deteriorating physical or mental health because of the aging process may constitute extraordinary and compelling reasons for a sentence reduction when it substantially diminishes the defendant's ability to provide self-care within the environment of the corrections facility. § 1B1.13(b)(1)(B). Likewise, a defendant's age may be considered an extraordinary and compelling reason when he or she is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. § 1B1.13(b)(2).

Butler is 45 years-old and there is no indication that he has any medical condition that substantially diminish his ability to care for himself or that he has experienced a serious deterioration in his physical or mental health. He has no family concerns which rise to the level of extraordinary and compelling reasons for a sentence reduction. And he has not served the lesser of ten years or 75 percent of the term of incarceration imposed by the Court.

The Court also concludes that Butler has not demonstrated the existence of an extraordinary and compelling reason warranting a sentence reduction. In seeking compassionate release, he relies upon rehabilitation as outlined more fully in a so-called

- 5 -

"Reentry Plan" attached to his motion.  And in explaining the rationale for his most recent offenses, the plan indicates that, at the time of Butler's 2010 conviction, the defendant believed his crime was victimless in that it did not involve violence or "actual victims. [Record No. 25, p. 3]  However, while participating in victim impact programs at the Bureau of Prison's facility at FMC Lexington, Butler "discovered a degenerate side" of himself which he refused to address earlier and which caused him to "revert back" to committing the same crimes.  He claims that confronting the truth has caused him to take responsibility and make inroads to his recovery.  In Butler's words, "hearing my truths and watching all the reactions showed me that I was dealing with acts that are indeed a degenerate, inhumane, anti-social mental illness that can only be addressed by speaking about it out loud and accepting responsibility."  [*Id.*]

Butler also cites several cases for the proposition that the Court may utilize compassionate release to avoid the imposition of the otherwise required mandatory term of incarceration.  *See United States v. Havlon*, 26 F.4th 566, 570 (2d Cir. 2022) ("We now explicitly hold that a mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment on a motion for compassionate release.")[2]; *United States v. Black*, 999 F.3d 1071, 1075 (7th Cir. 2021) ("Congress's policy choice not to make the changes to § 924(c) categorically retroactive does not imply that district courts may not consider those

---

[2]     *Halvon* cites as authority the Sixth Circuit's decision in *United States v. Owens*, 996 F.3d 755 (6th Cir. 2021), for the proposition that "[m]ultiple other circuits have reached the same conclusion implicitly" that a mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment when considering a subsequently filed motion for compassionate release.  In *Owens*, a panel of the Sixth Circuit reversed a district court's denial of compassionate release and remanded the matter for further consideration although the defendant has originally been sentenced to a mandatory minimum term of imprisonment.  As discussed herein, the holding in *Owens* is contrary to earlier authority from the Sixth Circuit. But more importantly, having discretion to reduce a sentence does not mean that that the discretion should or must be exercised.

legislative changes when deciding individual motions for compassionate release . . ."), and *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (recognizing that, while extraordinary and compelling individual circumstances, such as a terminal illness, can supply the basis for discretionary sentencing reductions of a mandatory minimum sentence, "the discretion conferred by § 3582(c)(1)(A) does not include authority to reduce a mandatory minimum sentence on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance warranting a sentence reduction.").

Other authorities from this circuit, however, would place greater limitations on the use of compassionate release to reduce Butler's sentence below 180 months *even if* the Court were inclined to do so after considering the sentencing factors contained in 18 U.S.C. § 3553(a). *See United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021) (holding that 3582(c)(1)(A)(i) does not give district courts a license to "end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms" citing *United States v. Blewett*, 746 F.3d 647, 656-58 (6th Cir. 2013); and *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021) (holding that the First Step Act's non-retroactive change to the statute limiting the kinds of firearms convictions that would count as repeat offenses under the statute imposing mandatory minimum sentences for additional convictions for using or brandishing of a firearm during a crime of violence could not as a matter of law be "extraordinary and compelling" to support a sentence reduction under the First Step Act of 2018.).

The Sixth Circuit's opinion in *Jarvis* addresses the court's earlier decision in *United States v. Owens*, 996 F.3d 755 (6th Cir. 2021), which conflicted with *Tomes* and *United States*

*v. Willis*, 991 F.3d 720, 724 (6th Cir. 2021).[3]  In *Jarvis*, a jury found the defendant guilty of

committing a series of bank robberies involving weapons.  At sentencing, the district court

determined that the first firearms conviction under 18 U.S.C. § 924(c) required a minimum

five-year sentence and that Jarvis's other four 924(c) convictions were repeat offenses subject

to a statutory minimum and consecutive term of 20 years each.  He was sentenced to 85 years

on the 924(c) convictions and 11 years on other convictions, resulting in a total term of

imprisonment of 96 years.

Jarvis later sought a reduced sentence under the First Step Act of 2018.  However, the

district court denied the motion, concluding that non-retroactive changes in the law could not

serve as "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. §

3582(c)(1)(A).  After concluding that the court's holding in *Tomes* "all but resolves [the]

appeal in favor of the government," Chief Judge Sutton addressed contrary decisions from

other circuits as well as the Sixth Circuit's conflicting holding in *Owens*.  Explaining that,

while *Owens* and *Tomes* contained several shared premises, he notes that "*Owens* does not

---

[3]     In *Owens*, a panel of the Sixth Circuit considered whether the district court could
consider whether the First Step Act's changes to sentencing for possession-of-firearms
offenses constituted an "extraordinary and compelling reason" for compassionate release
under 18 U.S.C. § 3582(c)(1)(a).  Writing for a majority of the panel, Judge Moore answered
the question in the affirmative.  "We hold that, in making an individualized determination
about whether extraordinary and compelling reasons merit compassionate release, a district
court may include, *along with other factors*, the disparity between a defendant's actual
sentence and the sentence that he would receive if the First Step Act applied. (Emphasis
added.)

     Writing in dissent, Judge Thapar noted that the court had already answered the question
posed by the appeal.  Citing *Tomes* and *United States v. Willis*, Judge Thapar stated: "As we
have explained, a court does not have discretion to redefine ordinary circumstances as
extraordinary, or to circumvent a contrary statutory command. . . .  courts may not use the
compassionate-release statute to undermine the First Step Act's commands [regarding
retroactivity]."  *Owens*, 996 F.3d at 764-65.

follow *Tomes'* reasoning or holding that a non-retroactive First Step Act amendment fails to amount to an "extraordinary and compelling" explanation for a sentence reduction. But *Tomes*, decided before *Owens*, "remains controlling authority" that binds this panel. *Jarvis*, 999 F.3d at 445 (citations omitted).

Thus, under *Tomes* and *Jarvis*, changes in minimum penalty provisions not made retroactive by the First Step Act, standing alone, do not constitute an extraordinary and compelling reason to justify a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). But that is not the issue presented here because the First Step Act of 2018 had no effect on the mandatory minimum penalty in effect at the time Butler was sentenced in 2020. Instead, the question presented is whether the reason given by Butler for seeking compassionate release (here, purported rehabilitation based on the defendant's claim of recent recognition of the seriousness of his crimes and acceptance of responsibility for those crimes) is sufficient to justify a reduced sentence under § 3582(c)(1)(A) *even before* the Court considers the impact of the statutorily required mandatory minimum term of imprisonment. Simply put, it is not.

The defendant recognized the seriousness of his crimes and acknowledged responsibility for them at the time of his guilty plea and at the time of sentencing. Without this acknowledgment, he would not have received acceptance credit (which reduced his offense level by 3 levels) and his sentencing guideline range for imprisonment would have been 210 to 262 months. With this range as a starting point, there is a likelihood that Butler would have received a longer term of incarceration after consideration of all relevant sentencing factors.

In addition, and as the Sixth Circuit has recognized, post-conviction rehabilitation alone does not render a defendant eligible for compassionate release. *United States v. McCall*, 56

F.4th 1048, 1061 (6th Cir. 2022) (en banc) (citing 28 U.S.C. § 994(t)).  And here, that is all the defendant has really offered as justification for a reduced sentence.  While Butler's self-serving statement of rehabilitation does not provide a basis for compassionate release, the Court nevertheless considers it as one factor in assessing whether a sentence reduction would be warranted in conjunction with 18 U.S.C. § 3553(a).  The short answer is that it would not, *even if* a reduction were not precluded for the reason explained above.

Finally, if Butler had established that his purported rehabilitation constituted an extraordinary and compelling reason favoring compassionate release, neither release nor a sentence reduction would be warranted after considering the § 3553(a) factors.  Butler's crimes were extremely serious.  Receipt and possession of child pornography are reprehensible crimes, and the facts of this case are particularly egregious, inasmuch as Butler committed his most recent offenses while on federal supervision for similar conduct.

At sentencing, the undersigned did not impose the minimum term of incarceration required by congress for his offenses of conviction.  Instead, the Court found it necessary to impose a sentence of 188 months which was the top of the defendant's guidelines range.  The sentence reflected, *inter alia*, just punishment, the need for deterrence (general and specific), and an ongoing need to protect the community from additional crimes which Butler may be inclined to commit if released.  *United States v. Lambert*, No. 16-cr-090, 2020 WL 6741311, at *3 (S.D. Ohio Nov. 17, 2020).  And there is no indication that Butler's age or any other personal characteristic would limit his ability to use a computer or other electronic device to access child pornography.

Butler also seeks appointment of counsel.  However, appointment of counsel to litigate motions brought under section 3582 is justified only in exceptional circumstances.  *Lavado v.*

*Kohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  In determining whether exceptional circumstances exist, courts examine the type of case and the defendant's ability to represent himself.  *Lavado*, 992 F.2d at 606.  Here, the issues raised are straightforward and the appointment of counsel would not increase the defendant's chances of success on the merits.

### III.  Conclusion

The Court remains satisfied that a sentence of 188 months of incarceration is minimally sufficient to reflect the seriousness of the defendant's crimes, provide just punishment, afford adequate general and specific deterrence regarding future criminal conduct, and protect the public.  Accordingly, it is hereby

**ORDERED** that Defendant Arthur Butler's motion [Record No. 25] is **DENIED**.

Dated: May 15, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 11 -